UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Boris Kotlyarsky,

                          Plaintiff,

            -against-

United States Department of Justice et al.,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/18/2021

1:20-cv-09230 (PGG) (SDA)

<u>REPORT AND RECOMMENDATION</u>

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE PAUL G. GARDEPHE, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Defendants' motion, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint of Plaintiff Boris Kotlyarsky ("Plaintiff" or "Kotlyarsky"). (Defs.' Not. of Mot., ECF No. 19.) For the reasons set forth below, I respectfully recommend that Defendants' motion be GRANTED.

<u>BACKGROUND</u>

I.    <u>Prior Criminal Proceedings Against Plaintiff</u>

This action arises out of criminal proceedings in this Court against Kotlyarsky. In June 2017, following his plea of guilty, Kotlyarsky was convicted in this Court of one count of Conspiracy to Commit Extortion and one count of Extortion. (*See* Judgment, *United States v. Kotlyarsky*, No. 16-CR-00215 (S.D.N.Y. June 6, 2017), ECF No. 63.) A Memorandum Decision by District Judge Lewis A. Kaplan regarding Kotlyarsky's motion to vacate his conviction or reduce his sentence sets forth the offense conduct, as follows:

> In January, 2016, the government filed a criminal complaint alleging that Kotlyarsky brokered a deal between Boris Nayfeld and Oleg Mitnik, wherein Mitnik agreed to pay Nayfeld approximately $125,000 in exchange for Nayfeld's

promise to halt a pending contract for Mitnik's murder. The murder contract was ordered by a Russian businessman named Anatoly Potik, who was Mitnik's father-in-law. Kotlyarsky knew Nayfeld through Potik. Kotlyarsky learned that Potik planned to hire Nayfeld to kill someone and discerned that the intended victim was Mitnik. Kotlyarsky informed Mitnik of the pending murder contract and arranged meetings between Nayfeld and Mitnik. Kotlyarsky believed that Nayfeld would demand money from Mitnik to halt the murder contract, and that due to Nayfeld's criminal reputation, Mitnik would likely pay the money that Nayfeld demanded.

Unbeknownst to Kotlyarsky or to Nayfeld, Mitnik contacted law enforcement after Kotlyarsky informed him of the existence of the murder contract. Subsequent meetings and communications that Mitnik had with Kotlyarsky and Nayfeld relating to the murder contract were recorded. Mitnik agreed to pay Nayfeld the first $50,000 payment toward the agreed-upon sum of $125,000 at an in-person meeting. At that meeting, Mitnik wrote a check for $50,000 and gave it to Nayfeld. Upon leaving the restaurant where the meeting took place, the FBI arrested Nayfeld. Shortly thereafter, Kotlyarsky was arrested also.

*Kotlyarsky v. United States*, No. 18-CV-01746, 2019 WL 1957537, at *1 (S.D.N.Y. May 2, 2019) (footnotes omitted).

On March 16, 2016, a Grand Jury issued an Indictment against Kotlyarsky charging him with Conspiracy to Commit Extortion (Count One) and Extortion (Count Two). (*See* Indictment, *Kotlyarsky*, No. 16-CR-00215, ECF No. 16.) On October 5, 2016, the Government filed a superseding indictment against Kotlyarsky. (*See* Superseding Indictment, *Kotlyarsky*, No. 16-CR-00215, ECF No. 35.) "The superseding indictment charged that, in addition to the plot relating to the murder contract, Kotlyarsky and Nayfeld conspired to commit extortion also by agreeing to use Nayfeld's 'reputation for violence and association with organized crime figures to recover Kotlyarsky's business interests in Russia.'" *Kotlyarsky*, 2019 WL 1957537, at *1.The superseding indictment also contained a new count of attempted witness tampering. *Id.* at *1-2.

On October 12, 2016, Nayfeld pleaded guilty to one count of Conspiracy to Commit Extortion and one count of Extortion before District Judge Katherine B. Forrest. *See Kotlyarsky*, 2019 WL 1957537, at *2. "In his plea allocution, Nayfeld stated, *inter alia*, that '[i]t was [his] intention to share the money with [Kotlyarsky] but he said no.'" *Id*. (alterations in original). Judge Forrest ordered the transcript sealed at the request of the government. *Id*.

On October 26, 2016, the Government offered to accept Kotlyarsky's plea to Counts One and Two of the original indictment, with a stipulated guidelines range of 41 to 51 months' imprisonment. *See Kotlyarsky*, 2019 WL 1957537, at *2. The same day, Kotlyarsky accepted the plea offer. *See id*. Thereafter, Judge Kaplan accepted Kotlyarsky's guilty plea and sentenced Kotlyarsky to 41 months' imprisonment. *See id*. at *3. Kotlyarsky did not appeal his conviction or sentence. *See id*.

On February 23, 2018, Kotlyarsky filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (*See* Motion, *Kotlyarsky*, No. 18-CV-01746 (S.D.N.Y. Feb. 23, 2018), ECF No. 1.) As supplemented by later filings, Kotlyarsky's motion raised a number of arguments in support thereof, including that (1) his trial counsel was ineffective; (2) the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and under its duty of candor by failing to provide him with Nayfeld's guilty plea transcript; and (3) the Government caused him to plead guilty under duress. *See Kotlyarsky*, 2019 WL 1957537, at *5-8. On May 2, 2019, Judge Kaplan denied Kotlyarsky's § 2255 motion in all respects. *See id*. at 8.

On November 3, 2020, Kotlyarsky filed his Complaint in this action. (Compl., ECF No. 1.) Plaintiff brings this action, principally pursuant to 42 U.S.C. § 1983, against three defendants: the United States Department of Justice (the "Justice Department"); Preet Bharara ("Bharara"),

the former U.S. Attorney for the Southern District of New York, in his official capacity; and James Comey ("Comey"), the former director of the Federal Bureau of Investigation, in his official capacity. (*See id*. ¶¶ 1, 8-10.) Kotlyarsky brings Section 1983 claims for alleged violations of his constitutional rights (*see* Compl. Counts I-III, ¶¶ 81-95), as well as state-law claims for malicious prosecution (*see id*. Count IV, ¶¶ 96-100) and intentional infliction of emotional distress.[1] (*See id*. Count V, ¶¶ 101-04.)

The factual allegations underlying his claims set forth in the Complaint are a rehash of the arguments he previously made in connection with his Section 2255 motion. (*Compare, e.g.*, Compl. ¶¶ 23-34 *with* Affirmation, *Kotlyarsky*, No. 18-CV-01746 (S.D.N.Y. Apr. 9, 2018), ECF No. 7 ("Habeas Aff."), ¶¶ 50-57, 59, 61-63; Compl. ¶¶ 35-36 *with* Habeas Aff. ¶¶ 65-66; Compl. ¶¶ 42-46, 65 *with* Habeas Aff. ¶¶ 102-08, 127). In summary, Kotlyarsky alleges that the FBI, under the direction of Comey, provided misleading information that led to the Kotlyarsky's arrest in order to protect Potik, and that the Government, under the direction of Bharara, withheld exculpatory testimony of Nayfeld in violation of *Brady*. (*See Compl*. ¶ 2.)

On August 6, 2021, Defendants filed their motion to dismiss. (*See* Defs.' Not. of Mot.) On August 9, 2021, Kotlyarsky filed an affidavit in opposition to the motion to dismiss. (*See* Opp. Aff., ECF No. 21.) Later that same day, Defendants filed their reply memorandum. (*See* Reply, ECF No. 22.) On August 10, 2021, Defendants' motion to dismiss was referred to me for a report and recommendation. (*See* Order of Reference, ECF No. 23.)

---

[1] While Plaintiff asserts this claim under the section heading "Intentional Infliction of Emotional Distress," paragraphs 5, 80 and 103 of the Complaint allege "negligent" infliction of emotional distress. (*See* Compl. ¶¶ 5, 80, 103.)

## LEGAL STANDARDS

### I.   Motion To Dismiss

Defendants bring the present motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Defs.' Not. of Mot., at 1.) Rule 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). However, this requirement does not apply to legal conclusions, bare assertions or conclusory allegations. *See Iqbal*, 556 U.S. at 678, 681 (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

II.     **Section 1983**

Section 1983 creates liability for "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," 42 U.S.C. § 1983. "A § 1983 claim has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of her federal statutory rights, or her constitutional rights or privileges." *Mahnevich v. MTGLQ Investors, L.P.*, No. 19-CV-00072 (AT) (SN), 2021 WL 3406484, at *7 (S.D.N.Y. Aug. 4, 2021) (quoting *Annis v. Cty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998)).

Section 1983 "only provides redress for federal statutory and constitutional violations perpetrated under color of *state* law." *Nghiem v. U.S. Dep't of Veterans Affs.*, 451 F. Supp. 2d 599, 605 (S.D.N.Y. 2006) (emphasis in original), *aff'd*, 323 F. App'x 16 (2d Cir. 2009). "Actions of the federal government or its officers are exempt from the proscriptions of § 1983." *Id.* (collecting cases).

III.    **Federal Tort Claims Act ("FTCA")**

The United States, as sovereign, is immune from suit absent a waiver of that immunity by statute. *See, e.g.*, *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). "One such limited waiver of sovereign immunity is provided by the FTCA, which allows for a tort suit against the United States under specified circumstances." *Id.* (internal quotation marks and citation omitted).  "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived."

*Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). "The burden is on the plaintiff to both plead and prove compliance with the statutory requirements of the FTCA. In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim[.]" *Thomas v. Metro. Correction Ctr.*, No. 09-CV-01769 (PGG), 2010 WL 2507041, at *5 (S.D.N.Y. June 21, 2010) (alterations omitted) (quoting In re *"Agent Orange" Prod. Liab. Litig.,* 818 F.2d 210, 214 (2d Cir. 1987)).

## ANALYSIS

In the first paragraph of his Complaint, Plaintiff asserts that "[t]his is an action pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' [*sic*] rights as secured by the United States Constitution." (Compl. ¶ 1.) Plaintiff's first three claims purport to allege violations of his constitutional rights. (*See id*. ¶¶ 81-95.) Since Defendants here are an agency of the federal government and two federal officers in their official capacities, however, their conduct is exempt from the proscriptions of Section 1983. *See Nghiem*, 451 F. Supp. 2d at 605. Thus, to the extent Plaintiff's claims are brought under Section 1983, they must be dismissed on that basis alone.[2]

---

[2] In addition, Defendants are protected from suit under Section 1983 by sovereign immunity. "[B]ecause an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are [] barred under the doctrine of sovereign immunity, unless such immunity is waived." *Harrison v. New York*, 95 F. Supp. 3d 293, 316 (E.D.N.Y. 2015) (quoting *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). "[W]aivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (citing *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992)). Because "the United States has not waived sovereign immunity for actions arising under 42 U.S.C. § 1983," the Court lacks jurisdiction over any claim Plaintiff brings against Defendants pursuant to Section 1983. *Davis v. United States*, No. 03-CV-01800 (NRB), 2004 WL 324880, at *10 (S.D.N.Y. Feb. 19, 2004).

Despite the opening invocation of 42 U.S.C. § 1983, Plaintiff's Complaint identifies his fourth and fifth claims, for malicious prosecution and intentional infliction of emotional distress, as "state law claim[s]." (Compl. at 22 (capitalization omitted).) The Court lacks subject matter jurisdiction over these claims as well, because they fall within the purview of the FTCA, but Plaintiff fails to allege that he has exhausted his administrative remedies by presenting his claims to the appropriate federal agency, as the FTCA requires. *See* 28 U.S.C. § 2675(a). In the absence of Plaintiff's compliance with the FTCA's pleading requirements, this Court lacks subject matter jurisdiction over his FTCA claims.[3] *Thomas*, 2010 WL 2507041, at *5.

There are additional, independent reasons for dismissal of Plaintiff's various claims. Insofar as Plaintiff's Complaint raises the same claims as were asserted in his Section 2255 motion, which was denied in its entirety, he is collaterally estopped from pursuing such claims. The Second Circuit has "long held that 'a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case.'" *United States v. U.S. Currency in Amount of $119,984.00, More or Less*, 304 F.3d 165, 172 (2d Cir. 2002) (quoting *United States v. Podell*, 572 F.2d 31, 35 (2d Cir. 1978)); *see also, e.g.*, *SEC v. Opulentica*, 479 F. Supp. 2d 319, 326 (S.D.N.Y. 2007) ("[Defendant] was convicted by guilty plea on securities-fraud charges related to the same activities at issue here. Thus, all questions of fact material to and

---

[3] In addition, the Court would lack jurisdiction over these particular Defendants in connection with claims otherwise validly brought under the FTCA, as such claims may only be brought against the United States itself. *See Myers & Myers, Inc. v. U. S. Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975) (finding no subject matter jurisdiction over government agency and two of its employees on the basis that "[o]nly claims 'against the United States' are included within the Federal Tort Claims Act jurisdiction"); *see also Hui Yu v. U.S. Dep't of Homeland Sec.*, 568 F. Supp. 2d 231, 235 (D. Conn. 2008) ("A claim under the FTCA may only be brought against the United States and not against federal agencies." (citing *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991))).

underlying [defendant's] criminal conviction, as established during the plea allocution, bind [defendant] in this subsequent civil action.").

Plaintiff's Section 1983 claims also fail under the doctrine established by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Court held that Section 1983 claims arising from a plaintiff's criminal conviction are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 487. After *Heck*, a plaintiff may not seek damages in a Section 1983 suit if a judgment in his favor "'would necessarily imply the invalidity' of a prior state or federal criminal conviction or sentence." *Cox v. Aversa*, No. 18-CV-03898 (NSR), 2020 WL 815476, at *3 (S.D.N.Y. Feb. 19, 2020) (quoting *Heck*, 512 U.S. at 487)). Here, any judgment in Plaintiff's favor on his Section 1983 claims necessarily would imply the invalidity of his conviction and sentence. (*See* Compl. at 20 (Claim I entailing "wrongful prosecution"); *id.* at 21 (Count II entailing "false[] arrest[]" and "judicial proceedings for which there was no probably [*sic*] cause"; Count III entailing "false[] charge[s]" brought against Plaintiff).) [4]

Further, even if it otherwise were viable against these particular federal defendants— which it is not—Plaintiff's malicious prosecution claim is meritless. Under New York law, a malicious prosecution claim has four elements: (1) initiation of a proceeding against the plaintiff; (2) termination of that proceeding in his favor; (3) lack of probable cause; and (4)

---

[4] To the extent Plaintiff brings his malicious prosecution claim under Section 1983, it too necessarily would imply the invalidity of his conviction and sentence and thus is barred by *Heck*. (*See* Compl. at 22 (Count IV entailing "wantonly initiated and continued criminal proceedings against Plaintiff without probable cause," where Plaintiff "was actually and objectively innocent").)

malice.[5] *Id.* at 161. Here, Plaintiff pled guilty in the underlying proceeding. Thus, there was no termination of that proceeding in his favor. *See Magnotta v. Putnam Cty. Sheriff*, No. 13-CV-02752, 2014 WL 705281, at *6 (S.D.N.Y. Feb. 24, 2014) ("A guilty plea, even if it was a plea to fewer than all the charges, does not satisfy the 'favorable' termination element of a malicious prosecution claim.").[6]

Finally, Plaintiff has not pled the elements of an emotional distress claim. The New York state law tort of intentional infliction of emotional distress "has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *A.M. ex rel. J.M. v. NYC Dep't of Educ.*, 840 F. Supp. 2d 660, 690 (E.D.N.Y. 2012) (quoting *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996)), *aff'd sub nom. Moody ex rel. J.M. v. NYC Dep't of Educ.*, 513 F. App'x 95 (2d Cir. 2013). In the present case, no facts are pled to establish extreme or outrageous conduct by Bharara or Comey.[7] In addition, the intentional infliction of emotional distress claim against the Justice Department must be dismissed since such a claim cannot be

---

[5] Even if Plaintiff purported to bring his malicious prosecution claim under Section 1983, he would have to establish the elements of that offense under New York law. *See, e.g., Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) ("In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." (citations omitted)).

[6] Similarly meritless is Plaintiff's Section 1983 claim for false arrest (*see* Compl., Count II, ¶¶ 84-89), since the existence of probable cause and a resulting conviction each constitute a complete defense. *See Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("[W]e conclude here that a claim for false arrest turns only on whether probable cause existed to arrest a defendant[.]"); *Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986) ("[W]here law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause.").

[7] Plaintiff's claim fails on this ground even to the extent he intended to plead negligent, as opposed to intentional, infliction of emotional distress, as "[e]xtreme and outrageous conduct is also an element of negligent infliction of emotional distress." *Calicchio v. Sachem Cent. Sch. Dist.*, 185 F. Supp. 3d 303, 314 (E.D.N.Y. 2016) (citing *Franco v. Diaz*, 51 F. Supp. 3d 235 (E.D.N.Y. 2014)).

brought against a governmental entity. *See Noel Pane v. Town of Greenburgh*, No. 07-CV-03216 (LMS), 2012 WL 12886971, at *6 (S.D.N.Y. Mar. 21, 2012).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendants' motion to dismiss be GRANTED. I further recommend that Plaintiff not be granted leave to replead, as any attempt to amend would be futile.[8] As set forth above, no Section 1983 claim is viable against federal defendants and this Court lacks jurisdiction over any state law claims.

Dated:  August 18, 2021
         New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

        *          *          *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Gardephe.

---

[8] Where an amendment would be futile, leave to amend is not required. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011).

**THE FAILURE TO FILE THESE TIMELY OBJECTIONS WILL RESULT IN A WAIVER OF THOSE OBJECTIONS FOR PURPOSES OF APPEAL.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).