UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BORIS KOTLYARSKY,

                          Plaintiff,

        - against -

UNITED STATES DEPARTMENT OF
JUSTICE; PREET BHARARA, in his
official capacity; and JAMES COMEY, in
his official capacity,

                          Defendants.

**ORDER**

20 Civ. 9230 (PGG) (SDA)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Boris Kotlyarksy brings this action against the United States Department

of Justice; Preet Bharara, the former United States Attorney for the Southern District of New

York, in his official capacity; and James Comey, the former Director of the Federal Bureau of

Investigation, in his official capacity ("Defendants").  Kotlyarsky alleges that Defendants

violated his constitutional rights in connection with his 2017 conviction for conspiracy to

commit Hobbs Act extortion and aiding and abetting Hobbs Act extortion.  (Cmplt. (Dkt. No. 1))

        Pending before this Court is Defendants' motion to dismiss.  (Dkt. No. 19)  This

Court referred Defendants' motion to Magistrate Judge Stewart D. Aaron for a report and

recommendation ("R&R").  (Dkt. No. 23)  Judge Aaron has issued an R&R, in which he

recommends that the Complaint be dismissed with prejudice.  (R&R (Dkt. No. 24))  Plaintiff has

filed objections to the R&R.  (Pltf. Obj. (Dkt. No. 25))

        For the reasons stated below, Judge Aaron's R&R will be adopted in its entirety,

and the Complaint will be dismissed with prejudice.

## BACKGROUND

### I.     PRIOR CRIMINAL PROCEEDINGS

This action arises out of criminal proceedings against Kotlyarsky in this District.

(See United States v. Boris Kotlyarsky, No. 16 Cr. 215 (LAK))  On October 27, 2016,

Kotlyarsky pled guilty to conspiracy to commit Hobbs Act extortion, in violation of 18 U.S.C. §

1951, and to aiding and abetting Hobbs Act extortion, in violation of 18 U.S.C. §§ 1951 and 2.

On May 31, 2017, Judge Kaplan sentenced Kotlyarsky to 41 months' imprisonment.

Kotlyarsky v. United States, No. 18 Civ. 1746 (LAK), 2019 WL 1957537, at *1-2 (S.D.N.Y.

May 2, 2019).  Kotlyarsky did not appeal his conviction or sentence.  (Id. at *3)

On February 23, 2018, pursuant to 28 U.S.C. § 2255, Kotlyarsky moved to vacate

or reduce his sentence on a variety of grounds, including that his conduct had not affected

interstate commerce; he had received ineffective assistance of counsel; the Government had

violated its Brady obligations; and his plea agreement should be invalidated.  Kotlyarsky v.

United States, No. 18 Civ. 1746, Dkt. No. 1; Kotlyarsky v. United States, 2019 WL 1957537, at

* 3.  In a May 2, 2019 memorandum opinion denying Kotlyarsky's motion, Judge Kaplan

described his offense conduct as follows:

> In January, 2016, the government filed a criminal complaint alleging that Kotlyarsky
> brokered a deal between Boris Nayfeld and Oleg Mitnik, wherein Mitnik agreed to pay
> Nayfeld approximately $125,000 in exchange for Nayfeld's promise to halt a pending
> contract for Mitnik's murder.  The murder contract was ordered by a Russian
> businessman named Anatoly Potik, who was Mitnik's father-in-law.  Kotlyarsky knew
> Nayfeld through Potik.  Kotlyarsky learned that Potik planned to hire Nayfeld to kill
> someone and discerned that the intended victim was Mitnik.  Kotlyarsky informed Mitnik
> of the pending murder contract and arranged meetings between Nayfeld and Mitnik.
> Kotlyarsky believed that Nayfeld would demand money from Mitnik to halt the murder
> contract, and that due to Nayfeld's criminal reputation, Mitnik would likely pay the
> money that Nayfeld demanded.
>
> Unbeknownst to Kotlyarsky or to Nayfeld, Mitnik contacted law enforcement after
> Kotlyarsky informed him of the existence of the murder contract.  Subsequent meetings

and communications that Mitnik had with Kotlyarsky and Nayfeld relating to the murder contract were recorded. Mitnik agreed to pay Nayfeld the first $50,000 payment toward the agreed-upon sum of $125,000 at an in-person meeting. At that meeting, Mitnik wrote a check for $50,000 and gave it to Nayfeld. Upon leaving the restaurant where the meeting took place, the FBI arrested Nayfeld. Shortly thereafter, Kotlyarsky was arrested also.

(Id. at *1 (citations omitted))

## II.   THE INSTANT CASE

The Complaint was filed on November 3, 2020, and asserts claims pursuant to 42 U.S.C. § 1983 for Defendants' alleged violations of Kotlyarsky's constitutional rights, including suppression of exculpatory evidence and unlawful detention, in connection with Kotlyarsky's 2017 extortion convictions. (Cmplt. (Dkt. No. 1)) ¶¶ 81-95) The Complaint also asserts state law claims for malicious prosecution and intentional or negligent infliction of emotional distress.[1] (Id. ¶¶ 96-104) Kotlyarsky seeks $250 million in damages. (Id. at 23)

On August 6, 2021, Defendants moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing, inter alia, that Kotlyarsky's claims are barred by (1) collateral estoppel; (2) Heck v. Humphrey, 512 U.S. 477 (1994); and (3) sovereign immunity. (See Dkt. Nos. 19-20) On August 9, 2021, Kotlyarsky filed an affidavit in opposition. (Pltf. Opp. (Dkt. No. 21)) The Government filed a reply memorandum later that day. (Def. Reply Br. (Dkt. No. 22))

On August 10, 2021, this Court referred Defendants' motion to Judge Aaron for an R&R. (Order of Reference (Dkt. No. 23)) On August 18, 2021, Judge Aaron issued an R&R in which he recommends that the Complaint be dismissed with prejudice. (R&R (Dkt. No. 24))

---

[1] The heading for Kotlyarsky's emotional distress claim states "Intentional Infliction of Emotional Distress" (Cmplt. (Dkt. No. 1) at 22), but elsewhere the Complaint alleges "negligent" infliction of emotional distress (see id. ¶¶ 5, 103).

On September 1, 2021, Kotlyarsky filed objections in the form of an affidavit.  (Pltf. Obj. (Dkt.

No. 25))  Defendants filed a response on September 7, 2021.  (Def. Resp. (Dkt. No. 26))

## DISCUSSION

### I.     LEGAL STANDARDS

#### A.     Review of a Report and Recommendation

   A district court reviewing a magistrate judge's report and recommendation "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "'The district judge evaluating a magistrate

judge's recommendation may adopt those portions of the recommendation, without further

review, where no specific objection is made, as long as they are not clearly erroneous.'"

Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1

(S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F.

Supp. 2d 208, 212 (S.D.N.Y. 2003)).  A decision is "clearly erroneous" when, "upon review of

the entire record, [the court is] left with the definite and firm conviction that a mistake has been

committed."  United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and

citation omitted).

   Where, as here, a timely objection has been made to a magistrate judge's

recommendation, the district judge "shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1)(C).  However, "[o]bjections that are 'merely perfunctory responses argued

in an attempt to engage the district court in a rehashing of the same arguments set forth in the

original [papers] will not suffice to invoke de novo review.'"  Phillips v. Reed Grp., Ltd., 955 F.

Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in Phillips) (quoting Vega v. Artuz, No. 97

Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "To the extent . . .

that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly

for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865

(LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell

Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003) and Camardo v.

Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also

Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a

report and recommendation for clear error where objections are merely perfunctory responses,

. . . rehashing . . . the same arguments set forth in the original petition." (quotation marks and

citations omitted)).

   "Courts generally do not consider new evidence raised in objections to a

magistrate judge's report and recommendation." Tavares v. City of New York, No. 08 Civ. 3782

(PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted). "The submission

of new evidence following [a magistrate judge's R&R] is merited only in rare cases, where the

party objecting . . . has offered a most compelling reason for the late production of such

evidence, or a compelling justification for [the] failure to present such evidence to the magistrate

judge." Fischer v. Forrest, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018), aff'd, 968 F.3d 216 (2d

Cir. 2020) (quotation marks and citations omitted).

**B.**  **Rule 12(b)(1) Motion to Dismiss**

   "[A] federal court generally may not rule on the merits of a case without first

determining that it has jurisdiction over the category of claim in suit ([i.e.,] subject-matter

jurisdiction)." Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31

(2007) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction

under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When subject matter jurisdiction is challenged, a plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quoting Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003)).

In addressing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiff[]." J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). The court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits." Id. (citations omitted). In resolving a Rule 12(b)(1) motion, a court may also "consider matters of which judicial notice may be taken." Greenblatt v. Gluck, No. 3 Civ. 597 (RWS), 2003 WL 1344953, at *1 n.1 (S.D.N.Y. Mar. 19, 2003) (quotation marks and citations omitted).

## C.      Rule 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under this standard, a plaintiff is required only to set forth a "short and plain statement of the claim," Fed. R. Civ. P. 8(a), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)). Where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," id. at 558, or where a

6

plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[]

complaint must be dismissed." Id. at 570. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice [to establish entitlement to

relief]." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

In resolving a motion to dismiss, a court may "consider . . . the complaint and

any documents attached thereto or incorporated by reference and documents upon which

the complaint relies heavily." Bldg. Indus. Elec. Contractors Ass'n v. City of New York, 678

F.3d 184, 187 (2d Cir. 2012) (quotation marks and citation omitted).

## II.    REVIEW OF JUDGE AARON'S REPORT AND RECOMMENDATION

In his R&R, Judge Aaron concludes that Kotlyarsky's claims should be dismissed

for multiple reasons, including that (1) his Section 1983 claims are not viable against a federal

agency and federal officials in their official capacity; (2) the Court lacks subject matter

jurisdiction over Kotlyarsky's state law claims, which are governed by the Federal Tort Claims

Act; (3) Kotlyarsky is collaterally estopped from pursuing his claims as a result of his

convictions and the adverse decision concerning his Section 2255 motion; and (4) Kotlyarsky's

claims are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), in which the Supreme Court

held that Section 1983 claims are barred unless "the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such a determination, or called into question by a federal court's issuance of a writ of

habeas corpus." (See R&R (Dkt. No. 24) at 6-12)

With respect to Kotlyarsky's Section 1983 claims, Judge Aaron notes that

"'[a]ctions of the federal government or its officers are exempt from the proscriptions of

§ 1983,'" since Section 1983 "'only provides redress for federal statutory and constitutional

violations perpetrated under color of state law.'" (Id. at 6 (quoting Nghiem v. U.S. Dep't of Veterans Affs., 451 F. Supp. 2d 599, 605 (S.D.N.Y. 2006) (emphasis in original))) Judge Aaron also notes that federal agencies and federal officers sued in their official capacities under Section 1983 are protected from suit by sovereign immunity. (Id. at 7 n.2 (citing Harrison v. New York, 95 F. Supp. 3d 293, 316 (E.D.N.Y. 2015); Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004); and Davis v. United States, No. 03-CV-01800 (NRB), 2004 WL 324880, at *10 (S.D.N.Y. Feb. 19, 2004))) Accordingly, Judge Aaron concludes that Kotlyarsky's Section 1983 claims against Defendants – an agency of the federal government and two federal officers in their official capacities – must be dismissed. (Id. at 7)

As to Kotlyarsky's state law claims for malicious prosecution and intentional or negligent infliction of emotional distress, Judge Aaron concludes that the Court lacks subject matter jurisdiction over these claims, "because they fall within the purview of the [Federal Tort Claims Act ("FTCA")], [and Kotlyarsky] fails to allege that he has exhausted his administrative remedies . . . , as the FTCA requires." (Id. at 8 (citing 28 U.S.C. § 2675(a))) Judge Aaron also notes that the Court would lack jurisdiction over the Defendants in this case, in connection with otherwise procedurally proper FTCA claims, because such claims can only be brought against the United States itself. (Id. at 8 n.3 (citing Myers & Myers, Inc. v. U. S. Postal Serv., 527 F.2d 1252, 1256 (2d Cir. 1975) and Hui Yu v. U.S. Dep't of Homeland Sec., 568 F. Supp. 2d 231, 235 (D. Conn. 2008)))

Judge Aaron also identifies "additional, independent reasons" for the dismissal of Kotlyarsky's claims. (Id. at 8) First, Kotlyarsky is collaterally estopped from pursuing his claims, "[i]nsofar as [his] Complaint raises the same claims as were asserted in his Section 2255 motion, which was denied in its entirety." (Id.; see also id. ("The Second Circuit has 'long held

that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case.'" (quotation marks omitted) (quoting United States v. U.S. Currency in Amount of $119,984.00, More or Less, 304 F.3d 165, 172 (2d Cir. 2002))))

Judge Aaron also finds that Kotlyarsky's Section 1983 claims fail under the doctrine established in Heck v. Humphrey, 512 U.S. 477 (1994), which bars Section 1983 claims arising out of a plaintiff's criminal conviction, "unless 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"  (R&R (Dkt. No. 24) at 9 (quoting Heck, 512 U.S. at 487))

Finally, Judge Aaron finds that Kotlyarsky's state law claims would fail on the merits.  With respect to Kotlyarsky's malicious prosecution claim, Judge Aaron notes that Kotlyarsky must allege four elements:  "(1) initiation of a proceeding against the plaintiff; (2) termination of that proceeding in his favor; (3) lack of probable cause; and (4) malice." (Id. at 9-10 (citing Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010)))  Because Kotlyarsky pled guilty in the underlying criminal proceeding, he cannot show that there was a termination of that proceeding in his favor.  (Id. at 10)  As to Kotlyarsky's emotional distress claim, Judge Aaron finds that Kotlyarsky has not pled facts establishing "extreme or outrageous conduct" – a necessary element – by Bharara or Comey.  (Id. at 10 & n.7 (citing A.M. ex rel. J.M. v. NYC Dep't of Educ., 840 F. Supp. 2d 660, 690 (E.D.N.Y. 2012) and Calicchio v. Sachem Cent. Sch. Dist., 185 F. Supp. 3d 303, 314 (E.D.N.Y. 2016)))  Judge Aaron also finds that an intentional infliction of emotional distress claim cannot be brought against a government

entity such as the Department of Justice.  (Id. at 10-11 (citing Noel Pane v. Town of Greenburgh,

No. 07 Civ. 3216 (LMS), 2012 WL 12886971, at *6 (S.D.N.Y. Mar. 21, 2012)))

           In his objections, Kotlyarsky does not challenge any of the R&R's legal

conclusions regarding the viability of his claims.  Instead, he asks for leave to amend, arguing

that he "was imprisoned without any evidence and [is] able to demonstrate through documentary

evidence that the Government did not meet the requisite burden of proof and my [criminal] case

should have been dismissed."  (Pltf. Obj. (Dkt. No. 25) ¶¶ 3-4; see also id. ¶ 32 ("If this court

will allow me to re-plead my case[,] I will demonstrate that improper actions were taken by the

government, and that I did a noble deed to save the life of Oleg Mitnik."))

           Because Kotlyarsky does not challenge Judge Aaron's legal conclusions, or

otherwise take issue with Judge Aaron's legal analysis, the R&R will be reviewed for clear error.

           Having reviewed the R&R, this Court finds no error in Judge Aaron's conclusion

that Kotlyarsky's claims must be dismissed.  As Judge Aaron finds, Section 1983 claims may not

be brought against a federal agency or federal officials acting in their official capacity.

Moreover, Kotlyarsky's state law claims are subject to the FTCA, and there is no evidence that

he has exhausted his administrative remedies.  Kotlyarsky's claims are also barred by collateral

estoppel, as a result of his convictions and the adverse ruling on his Section 2255 motion.  For all

these reasons, the Complaint will be dismissed.

## III.    __LEAVE TO AMEND__

           District courts "ha[ve] broad discretion in determining whether to grant leave to

amend," Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000), and "leave to amend should be

freely granted when 'justice so requires.'"  Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir.

1999) (quoting Fed. R. Civ. P. 15(a)).  Leave to amend may properly be denied in cases of

"'undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Where the possibility exists that [a] defect can be cured," leave to amend "should normally be granted" at least once. Wright v. Ernst & Young LLP, No. 97 Civ. 2189 (SAS), 1997 WL 563782, at *3 (S.D.N.Y. Sept. 10, 1997), aff'd, 152 F.3d 169 (2d Cir. 1998) (citing Oliver Schs., Inc. v. Foley, 930 F.2d 248, 253 (2d Cir. 1991)). However, "'[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.'" Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)).

As noted, Kotlyarsky has requested leave to amend in order to present new evidence to the Court. (See Pltf. Obj. (Dkt. No. 25) ¶¶ 3-5, 32, 35) He does not explain, however, how an amendment would overcome the legal obstacles to his claims that are discussed above and in the R&R. In his R&R, Judge Aaron recommends that Kotlyarsky's claims be dismissed without leave to amend, because "any attempt to amend would be futile." (R&R (Dkt. No. 24) at 11) This Court agrees that any amendment would be futile. Accordingly, leave to amend will be denied.

## CONCLUSION

For the reasons stated above, Judge Aaron's R&R is adopted in its entirety, and the Complaint is dismissed with prejudice. The Clerk of Court is directed to terminate the motion (Dkt. No. 19), and to close this case.

Dated: New York, New York
       September 28, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge